# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

**Eugene Charley, Plaintiff,**

v.

**Johnny Descheny, et al., Defendants.**

**Decided March 4, 1994**

## ORDER DENYING MOTION TO DISMISS

Judge Lorene Ferguson presiding.

This matter coming before the Court on a Motion to Dismiss and a hearing having been held on August 16, 1993, this Court makes the following findings:

## FACTS

On June 24, 1992, Petitioner, Eugene Charley, and Defendants, members of the governing board of the Red Mesa Unified School District 27 (RMUSD), entered into a contract of employment. Petitioner was hired as the Superintendent of RMUSD for a period of three years. On July 1, 1992, Defendants gave Mr. Charley written notice that he was being placed on administrative leave with pay, effective immediately. The notice informed Mr. Charley that he had a right to a hearing provided that he file a written request within 5 working days. Mr. Charley made a timely request for a hearing which was held on July 16, 1992. Mr. Charley was represented by Counsel Daniel Rosenfelt at the hearing. The governing board found just cause to terminate Mr. Charley from employment for unprofessional conduct and violation of board policies. The board issued a written "Findings of Fact and Conclusions" to support its decision.

## PROCEDURAL FACTS

On August 25, 1992, Mr. Charley filed a complaint with the Shiprock District Court alleging Defendants breached the employment contract and violated his civil rights. The complaint asserts that Defendants arbitrarily and without just cause terminated his contract and such action was taken in violation of the Policies and Procedures governing the RMUSD.

The complaint contends that the court has jurisdiction over the parties and the subject matter, citing *Hubbard v. Chinle School District 24-25, et al.*, 3 Nav. R. 167 (1982). In *Hubbard*, the Chinle School District denied renewal of contracts of two Navajo plaintiffs. The issue before the Navajo Court of Appeals was whether the district court abused its discretion in declining to exercise jurisdiction over the matter. The Court of Appeals clearly held that the courts of the Navajo Nation have jurisdiction over the defendants and that such jurisdiction is

fully supported by international and domestic American law. *Id.* at 171. The *Hubbard* court reasoned that the district court had subject matter jurisdiction based on territorial jurisdiction (all the events took place within the Navajo Nation between Navajos) and the substantial contacts (government services, population, etc.) the defendants had with the Navajo Nation. However, the Court of Appeals held that the lower court did not abuse its discretion when it declined to exercise jurisdiction based on comity. The Court of Appeals noted that "There may be a case in which considerations of policy and the protection of individual Navajos ... will require a different outcome...."

To further support his claim of proper jurisdiction, Mr. Charley cited paragraph XIV of the employment contract. Paragraph XIV provides:

> XIV GOVERNING LAW: FORUM FOR RESOLUTION OF DISPUTES
> A. This agreement is governed by the laws of the State of Arizona and, to the extent not in conflict therewith, the laws of the Navajo Nation.
> B. This agreement may be enforced in the Courts of the State of Arizona or the Courts of the Navajo Nation.

Defendants filed an answer on November 17, 1992, wherein 12 affirmative defenses were raised. On January 4, 1993, Defendants filed a Motion to Dismiss (along with a brief) on the grounds that, as a matter of law, Petitioner's sole and exclusive remedy is an appeal to the Arizona County Superior Court, pursuant to Sec. 15-543 of the Arizona Code and additionally, the court should decline subject matter jurisdiction on the basis of comity, citing *Hubbard*.

Defendants argue that the contract specifically states that the contract will be governed by the RMUSD Policy Manual. Defendants state that the procedures were followed by providing notice, a hearing, and upon finding just cause, Mr. Charley was terminated. The Manual states that, in the case of dismissal under ARS Sec. 15-539, hearing and appeal procedures shall follow that provided for in the appropriate statutes, specifically ARS Secs. 15-539 to 15-543. The Manual puts forth ARS Sec. 15-543 as governing the appeal from the decision of the school board. Sec. 15-543 provides:

> The decision of governing board is final unless the certificated teacher files, within 30 days after the date of the decision, an appeal with the Superior Court in the County within which he was employed.

Accordingly, Defendants argue that since RMUSD is located within Apache County, Arizona, Mr. Charley's appeal must be filed in the Arizona Superior Court in Apache County, Arizona.

A pretrial conference was set for January 13, 1993. However, it was continued to February 8, 1993 to allow Mr. Charley to obtain new counsel. An order identifying the time deadlines for counsel to submit briefs on the issue of whether or not this court has jurisdiction resulted from the pretrial conference. Thus, the sole issue before the Court, is whether or not the Court has subject matter jurisdiction over this cause of action.

Petitioner submitted a Memorandum in Support of his Opposition to Defendants' Motion to Dismiss on February 26, 1993. Petitioner argues that this Court has subject matter jurisdiction for two reasons: 1) that the contract contains a forum selection clause (paragraph XIV), and 2) the contract was entered and was to be performed on the Reservation. Petitioner cites U.S. Supreme Court and Arizona case law to support the proposition that the parties to a contract may agree on which forum and law will apply in the event there is a dispute. The cases cited have, in fact, enforced the choice of forum provisions, except where the agreement may be affected by fraud, lacks free arms length negotiation, or is so unreasonable that either party may be deprived of its day in court.

Petitioner further argues that Paragraph XIV(A) can be reasonably interpreted to apply substantive Arizona law (e.g., whether Mr. Charley's termination was for "good cause"), and that paragraph XIV(B) can be reasonably interpreted as procedural in nature (that is, granting the parties a choice as to which court will resolve disputes among the parties). The interpretation that Petitioner contends reflects the intent of the parties and a contrary interpretation would render the choice of forum provision meaningless.

Petitioner argues that this Court has subject matter jurisdiction based on *Hubbard*, 3 Nav. R. 167, and 7 N.T.C. Section 253. This case, like *Hubbard*, involves Navajo parties wherein all the events (performance of the contract) took place within the boundaries of the Navajo Nation. Petitioner urges the Court not to apply comity, as was done in *Hubbard*, because this case is different. To wit, the contract at issue contains a forum selection clause unlike the contracts involved in the *Hubbard* case. Mr. Charley argues that this is one of those cases the Court should assert jurisdiction over to protect a Navajo individual who will be left without a remedy if there is a dismissal. The manual states that appeals from the governing board's decision must be filed within 30 days of the board's decision, hence he cannot appeal to the Arizona Superior Court.

Defendants filed a response to Mr. Charley's opposition on March 17, 1993. The memo is not significantly different from the Motion to Dismiss filed on January 4, 1993.

## CONCLUSION

This Court may exercise both personal and subject matter jurisdiction over this case based on contract law and territorial jurisdiction. A Navajo court can assume jurisdiction over this act while applying Arizona substantive law.

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss is hereby DENIED.